**UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO**

DOLORES J. TALAMANTE                                                                 Case No.
               *Debtor*

**CHAPTER 13 PLAN**
**INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS**
This chapter 13 plan, dated **September , 2010** supersedes all previously filed plans.

**NOTICE TO CREDITORS: THIS PLAN MAY MODIFY YOUR RIGHTS.** If you oppose any provision of the plan you must file an objection with the bankruptcy court by the deadline fixed by the court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing.

**MOTIONS FOR VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS**
**UNDER 11 U.S.C. § 506** (Check any applicable box(es)):

☐    This plan contains a motion for valuation of personal property collateral and determination of secured status under 11 U.S.C. § 506.

[X]    The debtor is requesting a valuation of real property collateral and determination of secured status under 11 U.S.C. § 506 by separate motion filed contemporaneously with this plan.

☐    This plan contains a provision modifying the value of real property collateral under 11 U.S.C. § 506 in accordance with a previously filed motion or a prior order of this Court. [ List the date of any previously filed motions, the status of the motions (granted, objections pending, objections resolved) and any corresponding docket numbers]

**SECURED CLAIMS SUBJECT TO VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506** (additional detail must be provided at Part IV of the plan):

| Name of Creditor | Description of Collateral (Pursuant to LBR 3012-1) |
|---|---|
|  |  |
| Alliant Credit Union | HELOC/2nd mortgage on Debtor's residence |
|  |  |
|  |  |

**I.    BACKGROUND INFORMATION**

**A.**   Prior bankruptcies pending within one year of the petition date for this case:  [X] NONE

| Case No. & Chapter | Date Filed | Discharge of Dismissal | Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

B.   The debtor(s):   [ X] is eligible for a discharge; or
                              [ ] is not eligible for, and is not seeking, a discharge.

C.   Prior states of domicile:  within 730 days $^*$_____Colorado
                                          within 910 days $^*$ _____ Colorado
       The debtor is claiming exemptions for the  [ ] State of * Colorado    or    [ ] federal exemptions.

D.   The debtor owes or anticipates owing a Domestic Support Obligation ["DSO"] as defined in 11 U.S.C. § 101(14A).  Notice will/should be provided to these parties in interest:
       [X] THIS SECTION IS NOT APPLICABLE;
              1.      Spouse/Parent_____
              2.      Government _____
              3.      Assignee or other_____
       E.   The debtor  [ ] has provided the Trustee with the address and phone number of the DSO recipient or
                 [ ] cannot provide the address or phone number because it/they  is/are not available.
              [X] NOT APPLICABLE

1

F.    The current monthly income of the debtor, as reported on Interim Form B22C is:
[X] **below**, [ ] equal to, or [ ] above the applicable median income.

## II.    PLAN ANALYSIS

A.    **Total Debt Provided for under the Plan and Administrative Expenses**

1. Total Priority Claims (Class One)
   a. Unpaid attorney's fees ............................................................................... $3,000.00
   Total attorney's fees are estimated to be $4,701 of which $1,701 has been prepaid.
   b. Unpaid attorney's costs (estimated) .......................................................... $ 100.00
   c. Total Taxes   [Federal: $0.00 ; State: $0.00] ............................................ $ 0.00
   d, Other .......................................................................................................... $ 0.00
2. Total of payments to cure defaults (Class Two) ............................................. $ 0.00
3. Total payment on secured claims (Class Three) ............................................. $ 0.00
4. Total of payments on unsecured claims (Class Four) .................................... $ 150.00
5. Sub-total .......................................................................................................... $3,250.00
6. Total trustee's compensation (10% of debtor's payments) ........................... $ 325.00
7. Total debt and administrative expenses ......................................................... $3,575.00

B.    **Reconciliation with Chapter 7**

THE NET PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES. THE REPLACEMENT VALUES MAY APPEAR IN CLASS THREE OF THE PLAN.

1. Assets available to Class Four unsecured creditors if Chapter 7 filed: a. Value of debtor's interest in non-exempt property ........................................................................................................ $- 10.00

| Property | Value | Less: Costs Of Sale | Less: Liens | X [Debtors Interest] | Less: Exemption | = Net Value |
|---|---|---|---|---|---|---|
|  |  | ( |  |  |  |  |
| Checking/savgs accts | unknown | (75.00) | 0.00 | 100% | <75%> |  |
|  |  |  |  |  |  |  |

b. Plus: value of property recoverable under avoiding powers ........................ $ 0.00
c. Less: estimated Chapter 7 administrative expenses ..................................... $too small to admin
d. Less: owed priority claims (other than costs of administration) .................. $ 0.00
e. Equals: estimated amount payable to Class Four creditors if Chapter 7
   filed (if negative, enter zero) .................................................................... $ 0.00
2. Estimated payment to Class Four unsecured claims under the Chapter 13 Plan ....... $ 150.00
**plus** any funds recovered from "other property" described in Section III.A.3 below.

## III.    PROPERTY AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

A. – **Funding the Plan**: The debtor submits to the supervision and control of the Trustee all or such portion of future earnings and/or other future income as is necessary for the execution of the Plan, including:

1. **Future earnings of $ 65.00 per month which shall be paid to the trustee for a period of approximately 55 months, beginning August 28, 2010 .**

| Amount per Month | X   Number of Months | Total |
|---|---|---|
| $ 65.00 | 55 months | $ 3,575.00 |
|  |  |  |
| One-time payment (& Date) |  |  |
|  |  |  |

2. Amounts for the payment of Class Five post-petition claims included in above.......... $ 0.00
3. Other property (specify): _____......................._............................................_ $ [NONE]

2

**AT THE TIME THE FINAL PLAN PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(a) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. § 1328(g)(1)**.

    B.  **Debtor agrees to make payments under the Plan as follows**:

      [ ] VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:
        Paid in the following manner: $_____to be deducted _____ (pay period,)
        Employer's Name, address, telephone number _____
        _____(     )

[OR]

      [X] **DIRECT PAYMENT from debtor to Trustee**:

**IV.  CLASSIFICATION AND TREATMENT OF CLAIMS**

**CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN TO RECEIVE THEIR APPLICABLE PAYMENTS.**

    A.  **Class One – Claims entitled to priority under 11 U.S.C. § 507**. Unless other provision is made in Paragraph V(c), each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that payments to the Trustee shall be deducted from each payment made by the debtor), as follows:

      1.  **Allowed administrative expenses**
        a.  Trustee's compensation (10% of amounts paid by debtor under this Plan).....  $  325.00
        b.  Attorney's Fees (estimated and subject to allowance) ...................................  $ 3,000.00
        c.  Attorney's Costs (estimated and subject to allowance) ..................................  $  100.00

      2.  **Other priority claims** to be paid in the order of distribution provided by 11 U.S.C. § 507

        a.  **Domestic Support Obligations**: **A proof of claim must be timely filed in order for the Trustee to distribute amounts provided by the plan**!!!
        **[X] NONE (NOT APPLICABLE)**
        Priority support arrearage: Debtor owes past-due support to ____
        in the total amount of $__ that will be paid as follows:
        [ ] Distributed by the Trustee pursuant to the terms of the Plan; or
        [ ] Debtor is making monthly payments via a wage order [ ] or directly [ ] (reflected on Schedule I or J)
in the amount of $ __ to _____. Of that monthly amount, $_____ is for current support payments
and $_____ is to pay the arrearage.

**For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the court and submit to the trustee an update of the required information regarding domestic support obligations and the status of required payments**. [ ] NOT APPLICABLE

        b.  Federal Taxes ...................................................................................  $ 0.00
        c.  State Taxes .......................................................................................  $ 0.00
        d.  Other Taxes (describe): .....................................................................  $ 0.00
        e,  Other Class One Claims (describe): ..................................................  $ 0.00
        [X]  NONE

    B.  **Class Two – Defaults**

      **1. Class Two A** - Claims set forth below are **secured** only by an interest in **real property** that is the debtors **principal residence** located at 3712 S Ensenada, Aurora CO. Defaults shall be cured and regular payments shall be made:

      [X] NONE

| Creditor | Total Default Amount to be Cured[1] | Interest Rate | Total Amount To Cure Arrearage | No. of Months To Cure | Regular Payment per ___ payable directly to Creditor [& Date of first payment] |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

2. **Class Two B** - Pursuant to 11 U.S.C. § 1322(b)(5), Claims **secured by real estate (other than** the debtor's **principal residence**) or **Unsecured claims on which the last payment is due after the date** on which the final payment under the Plan is due, as set out below. Defaults shall be cured and regular payments shall be made:

[X] NONE

| Creditor | Collateral | TotalDefault Amt to be Cured[2] | Interest Rate | Total Amt To cure Arrearage | No. Mos. cure | Regular Pmt per ___ Payable directly to Creditor [date of 1st pmt] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

3. **Class Two C – Executory contracts and unexpired leases**. Executory contracts and unexpired leases are rejected, except the following which are assumed:

[X] NONE

| Other Party to Lease or Contract | Property subject to the Contract or Lease | Total Amount to Cure, if any | No. months To Cure | Regular Monthly Pmt. Payable directly to creditor [Date of 1st Pmt] |
|---|---|---|---|---|
| | | | | |
| | | | | |

**IN THE EVENT THAT DEBTOR REJECTS THE LEASE OR CONTRACT, CREDITOR SHALL FILE A PROOF OF CLAIM OR AMENDED PROOF OF CLAIM REFLECTING THE REJECTION OF THE LEASE OR CONTRACT WITHIN 30 DAYS OF THE ENTRY OF THE ORDER CONFIRMING THIS PLAN, FAILING WHICH THE CLAIM MAY BE BARRED.**

C. **Class Three** – **All other allowed secured claims** (than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply, as follows:

1. **Secured claims subject to 11 U.S.C. § 506 - Real Property**: In accordance with Fed. R. Bankr. P. 3012, 7004 and L.B.R. 3012-1, the debtor has filed and served a **separate motion for valuation of collateral and determination of secured status under 11 U.S.C. § 506** as to the real property and claims listed on page 1 of this plan and below. The debtor is requesting an order that the value of the collateral is zero ($0) and the creditor's claim is unsecured. The plan is subject to the court's order on the debtor's motion. If the court grants the debtor's motion, the creditor will have an unsecured claim in either the amount of the debt as listed in the debtor's schedules or on any allowed proof of claim filed by the creditor (whichever is greater). The creditors listed on page 1 and below shall retain the liens securing their claims *until discharge under 11 U.S.C. §1328 or payment in full under this Plan [verified by the Trustee].*

[X] NONE

| Creditor | Description of Collateral (Pursuant to LBR 3012-1) | Amount of Debt As Scheduled | Amount per Proof of Claim |
|---|---|---|---|
| Alliant Credit Union | HELOC against primary residence | 21,475.00 | |
| | | | |

Note: Pursuant to 11 USC §506(d0, if an Order is entered in this case valuing a creditor's secured claim at $0, the lien is extinguished by operation of law upon entry of the Debtors discharge.

2. **Secured claims subject to 11 U.S.C. § 506 (Personal Property)**: The debtor moves the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. § 506 regarding the personal property and claims below. The following creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full under nonbankruptcy*

---

[1] - the lesser of this amount or that specified in the valid Proof of Claim of Creditor

[2] - The lesser of this amount or the amount specified in a valid Proof of Claim

4

*law*, and they shall be paid the amount specified which represents the lesser of: **(A)** the value of their interest in collateral or **(B)** the remaining balance payable on the debt over the period required to pay the sum in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any secured claim with a value of $0 shall be treated as a general unsecured claim.

[X] NONE

| **Creditor** | **Description of Collateral** | Specify **A or B** ¶2above | Debtor Contention of **FMValue** [replacement] | Debt Amount as Scheduled | Int. Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

3. **Secured Claims to Which 11 U.S. C. § 506 shall Not Apply (Personal Property).** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

[X] NONE

| **Creditor** | **Description of Collateral** | Amount of Debt Scheduled | Amt of Debt – POC | Int. Rate | No. of Months to Pay Debt | Total Amount Payable |
|---|---|---|---|---|---|---|
| | | $ | $ | | | $ |
| | | | | | | |

4. **Property being surrendered:** Debtor /s surrender/s the following property security securing allowed secured claims to the holder of each such particular claim(s):

[ ] NONE

| Creditor/Claimant | Description of Collateral Being Surrendered | FMV of Property | Amt of Debt Scheduled or per POC | Anticipated Date of Surrender |
|---|---|---|---|---|
| HSBC Retail Svcs | Computers, routers, TV | $ unknown | $ 3,113 | Unknown – in possn of 3d pty |
| Wells Fargo Financ'l/Shane | Wedding rings | $4,000 | $ 4,413 | Per instructions from cred'r |

Relief from the automatic stay, to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. **No distribution on claims secured by such [noted above] surrendered property will be made unless such claimant files a proof of claim or an amended proof of claim taking into account the surrender of the property**.

5. **Adequate Protection:** The following creditor(s) shall receive payments in the nature of adequate protection, pursuant to LBR 2083-1, if applicable, or upon confirmation of the plan, as follows:

[X] NONE

| Creditor | Collateral | Adequate Protection Pmt. Paid by Trustee | Adequate Protection Pmt. Paid by Debtor | Total Payable Monthly in Equal Periodic Pmts |
|---|---|---|---|---|
| | | | | |
| | | | | |

**IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF SECURED CREDITORS IN CLASS TWO &/or THREE, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED BY Rules 7004 and 9014 Fed.R.Bankr.P.**

   D. **Class Four – Allowed Unsecured Claims** not otherwise referred to in the Plan. Class Four Claims are provided for in an amount not less than the greater of:

1. The amount necessary to meet the Best Interests of Creditors pursuant to 11 USC § 1325(a)(4), as set out in Part II, *supra*; or

2. Total Disposable Income for the applicable commitment period defined by 11 USC § 1325(b)(1)-(4).

Monthly Disposable Income ["MDI"] of $ 0.00  has been calculated on Form B22C [Chapter 13].  Total Disposable Income is $ 0.00 which is the product of  MDI times the Applicable Commitment Period ["ACP"] of  36 months.

   a. [X] Class Four Claims are of one class and shall be paid pro rata the sum of $ 150.00  plus all funds remaining after payment by the Trustee of all prior classes.

   A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 USC § 523(a)(2)(4) or (6), will share pro-rata in the distribution to Class Four.  Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 proceeding, or discharged, unless otherwise ordered by the Court.

   b. [ ] Class Four Claims are divided into more than one class as follows:


E.  **Class Five – Post-petition Claims Allowed under 11 USC §1305.**  Allowed Class Five Claims shall be paid as follows:
[X]  NONE

## V.  OTHER PROVISIONS

A.  **Payments Made Directly to the Creditor by Debtor** shall be paid to noted claims as follows:

| Creditor | Collateral [if any] | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
| Bank of America | Residence first DOT/mortgage | $900.00 | 115 |
| UAL retirement | 401(k) retirement plan | $150. 00 from paych | 53 |
| | | | |

B.  **The Effective Date of this Plan shall be the date of entry of the Order of Confirmation.**

C.  **Order of Distribution**:

    1.  [ X ]  The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date.

After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in Classes Three, Four, and Five (strike any portion of this sentence which is not applicable).

The amounts provided for Class Three creditors shall be paid in full before distributions to creditors in Classes Four and Five.

Distributions under the plan to Unsecured [Class Four] creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed. R. Bankr. P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above, in the manner specified in Section IV, *supra*.

    2.  [ ]  Distributions to classes of creditors shall be in accordance with the order set forth above, except:  _

D.  **Motions to Void Liens under 11 U.S.C. § 522(f)**. – Pursuant to Rule 4003(d)  Fed. R. Bankr. P., the debtor intends to file or has already filed, by separate motion served in accordance with Fed. R. Bankr. P. 7004, a Motion to Void Lien pursuant to 11 U.S.C. § 522(f), with regard to the secured claims and creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion [or Pending] |
|---|---|---|---|
| NONE | | | |

6

    E.    **Student Loans**:

        [X]    No student loans
        [ ]    Student loans are to be treated as an unsecured Class Four claim or as follows: ___

    F.    **Restitution**:

        [X]    No restitution owed.
        [ ]    Debtor owes restitution in the total amount of $___ which is paid directly to ___ in the amount of $___ per month for a period of ___ months.
        [ ]    Debtor owes restitution to be paid as follows: ___

    G.    **Other** (list all additional provisions here): ___

## VI.    REVESTMENT OF PROPERTY IN DEBTOR

All property of the estate shall vest in the debtor at the time of confirmation of this Plan. **By operation of 11 U.S.C. Section 1327 all property of the estate shall vest in the debtor at the time of confirmation unless otherwise noted below:**

*Earnings from services performed by the debtor after the commencement of the case, but before the case is closed, dismissed or converted as provided in Section 1306(a)(2).*

## VII.    INSURANCE

Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will [X] / will not [ ] (check one) be obtained and kept in force throughout the period of the Plan. Applicable policies will be endorsed to show applicable creditor as a loss-payee of the policy.

| **Creditor to Whom Provision applies** | **Collateral Covered** | **Coverage Amount** | **Insurance Co.,** Pol. No. & Agent name/add/ph.no. |
|---|---|---|---|
|  |  |  |  |
| Bank of America/BAC Home | Residence – 1st DOT | As contracted per PITI | Per PITI w/ BOA/BAC |
|  |  |  |  |

## VIII.    POST-CONFIRMATION MODIFICATION

The debtor must file and serve upon all parties in interest a modified plan, which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. § 1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Dated: _09/22/2010_        By: _/s/: Dolores J. Talamante_
                                      DOLORES J TALAMANTE, debtor

_/s/: C. J. Pollara, #9904_
Attorney for the Debtors
71 W. Archer Pl.
Denver, Colorado 80223
(303) 777-0123
fax no. 303.777.7263

**NOTICE TO ALL CREDITORS: THE FOLLOWING PROVISIONS MAY ALTER YOUR RIGHTS**

1. Unless otherwise specifically provided herein, distributions under the Plan to **UNSECURED CREDITORS will only be made to those whose claims are allowed and timely filed pursuant to FRBP 3002, 3004. Late-filed UNSECURED Claimants will receive nothing, unless by separate motion and order.**

7

2 **Holders of a deed of trust secured by the Debtors' real property**: the proposed plan provides for the Debtor's best estimate of mortgage arrears owed to you, as set forth in Class Two-A. If you disagree with the stated amount and do not file a proof of claim, unless you file an objection to confirmation the amount set forth in the Plan will control.

3. **Compliance with 11 USC Sec. 524(i) and Sec 1325(b)**: (a) Confirmation of the plan, unless otherwise stated therein, imposes the following duties on holders/servicers of claims secured by Debtors' real property [to]:

   - apply the payments received from the Trustee to, and only to, the prepetition arrearages, if any, ;

   - deem prepetition arrears contractually current upon successful completion of the confirmed plan;

   - apply post-petition mortgage payments to the oldest post-petition month due, regardless of whether payments are shown applied to the loan or placed in a "suspense" account [all payments received must be clearly accounted for so the Debtor can readily ascertain whether all payments made have been properly credited];

   - notify the Debtors and Debtors Attorney of any changes in required monthly payments, the specific reasons for and of the effective date of, all such changes; and to otherwise comply with 11 USC § 524(i).

   (b) For purposes of bankruptcy accounting and Regulation X of RESPA, upon the Debtors' successful completion of the Confirmed Plan, the pre-petition arrearage will be considered current and cured, to preclude post-discharge imposition of fees, services or proceedings based solely on any purported pre-petition default. This obligation will have no force or effect if the case is converted or dismissed.

4. **Notice of Final Chapter 13 Cure Payment**
   A. Within 30 days of making the final payment of any cure amount made on a claim secured by debtor's realty, the Chapter 13 Trustee shall file and serve on the claimant of record, the claimant's attorney, the debtor and the debtor's attorney, a notice stating that the amount required to cure the default has been fully paid.

   B. If the debtor contends the final cure payment has been made and the Trustee does not file and serve the notice within the noted time period, the debtor may file and serve the claimant, claimant's attorney and the Trustee with a notice stating the amount required to cure the default has been paid in full.

   C. Within 30 days of service of the [above] Notice, the debtor may file any or all of the following Motions, with proper Notice pursuant to LBR 9013, of right to object and request a hearing. Service shall be on the Trustee, the Claimant of record and the claimant's attorney of record (if any), in compliance with LBR 9013.

   **Motion to Deem Pre-Petition Arrears Cured** - If the claimant objects, it shall file with its objection a statement of the outstanding pre-petition arrears or other payment to be paid through the Plan including attorney fees and costs, and supporting documentation. If the claimant does not object, the Court shall enter an Order that all pre-petition amounts required in connection with the security interest have been paid pursuant to the Plan, as of the date the motion was filed.

   **Verified Motion to Deem Loan Current** – Based upon Debtors verification that all post-petition mortgage payments have been made and additional fees and costs paid to date of the motion. If the claimant or the Trustee objects to the Motion, it shall file with its objection, a statement of past-due amounts including attorney fees and costs, with supporting documentation. If there are no objections, the Court shall enter an Order that all post-petition amounts required by the underlying agreement and applicable non-bankruptcy law, relative to the security interest, have been paid as of the date the motion was filed.

It is the claimant's responsibility to immediately and timely notify the court, debtors and debtors attorney of any transfer of the loan or claim filed, together with the name and notice address of the transferee.

5. **Resumption of Monthly Statements**. **Confirmation of this plan** constitutes consent and request by the Debtors to receive regular monthly statements and notice of proper payment addresses from Class 1, 2 or 3, Creditors. Unless otherwise ordered, the Trustee will make **no further distribution on claims secured by property for which relief from automatic stay has been granted**, unless an itemized proof of claim for any deficiency is filed within 180 days after entry of the order for relief.